30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall E. COONCE, Defendant-Appellant.
 No. 93-2647.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 15, 1994.*
Decided June 23, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied July 18, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Randall Coonce sought correction of a pre-Guidelines sentence under "old" Rule 35(a), claiming that he should be resentenced under the Guidelines. See United States v. Corbitt, 13 F.3d 207, 211 (7th Cir.1993) (old version of Fed.R.Crim.P. 35(a) applicable to government's attempt to re-examine pre-Guideline sentence, even though relief sought was resentencing under the Guidelines). The district court denied the motion, and Coonce appealed. We affirm.
 
 
 2
 As part of a plea agreement, Coonce pleaded guilty to an information charging him with four counts of mail fraud in violation of Title 18, United States Code, Section 1341, and a 36-count mail fraud indictment was dismissed. Coonce and the government crafted the information to include only that conduct occurring before the Federal Sentencing Guidelines took effect. United States v. Coonce, 961 F.2d 1268, 1273 (7th Cir.1992). As such, the Guidelines do not apply to these offenses. United States v. Johnson, 903 F.2d 1084, 1092 (7th Cir.1990). There was no finding that the offenses set forth in the information extended beyond the effective date of the Guidelines, and Coonce cannot now reopen his case via old Rule 35(a) for additional development of the record from within or without. United States v. Corbitt, 13 F.3d at 214. Coonce's sentence was a legal sentence when imposed and remains legal.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)